# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHELSEA CHAMBERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 2:22-cv-311 |
| GREENBRIER INTERNATIONAL, INC., t/d/b/a DOLLAR TREE MERCHANDISING, | ) ) ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446, Defendant Greenbrier International, Inc., t/d/b/a Dollar Tree Merchandising ("Defendant"), removes this civil action from the Court of Common Pleas of Allegheny County because Plaintiff and Defendant are completely diverse and the amount in controversy exceeds the jurisdictional minimum. As a short and plain statement of the grounds for removal, Defendant states the following:

### INTRODUCTION

1. Plaintiff commenced this action in the Court of Common Pleas of Allegheny County, Case No. GD-22-000705, on January 19, 2022 by filing a complaint against Defendant, through her guardian, Antoinette Chambers.[1] *See* Complaint, attached as Exhibit A.

2. On January 25, 2022, service of the Complaint was effectuated on Defendant. *See* Exhibit B.

---

[1] The Complaint indicates that Plaintiff is an incapacitated, 19 year old non-verbal female who is cared for by her mother and guardian, Antoinette Chambers.

3. The Complaint alleges that Plaintiff was injured by allegedly defective elastic headbands, which were purchased by Guardian Antoinette Chambers "to keep [Plaintiff's] hair in place," placed on Plaintiff's head by Guardian Antoinette Chambers, and thereafter worn by Plaintiff, resulting in Plaintiff being hospitalized on June 26, 2020 when the headbands were found "embedded" in Plaintiff's scalp. Complaint ¶¶ 5–9.

## I. REMOVAL IS PROPER UNDER DIVERSITY JURISDICTION

4. This action is being removed pursuant to 28 U.S.C. § 1441(b), which allows removal based on diversity of citizenship.

5. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a), which provides, in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties . . . ."

### CITIZENSHIP

6. According to the allegations in the Complaint, Plaintiff is an incapacitated adult residing with her Guardian Antoinette Chambers at 304 Pinewood Square, Pittsburgh, Pennsylvania 15235. Complaint ¶ 1.

7. A corporation is a citizen of every state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

8. The Complaint acknowledges that Defendant Greenbrier International, Inc., t/d/b/a Dollar Tree Merchandising has a principal place of business at 500 Volvo Parkway, Chesapeake, Virginia 23320-1604. Complaint ¶ 3; *see also* Virginia State Corporation Commission, Clerk's Information System, *available at* https://cis.scc.virginia.gov/ (attached as Exhibit C).

9. Defendant's State of Incorporation is Delaware. Exhibit C; *see also* Exhibit D.

10. Dollar Tree Merchandising is fictitious name. Pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious names shall be disregarded for purposes of determining whether a civil action is removable on the basis of diversity jurisdiction.

11. Dollar Tree is fictitious name. Pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious names shall be disregarded for purposes of determining whether a civil action is removable on the basis of diversity jurisdiction.

12. Dollar Tree Stores is a fictitious name. Pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious names shall be disregarded for purposes of determining whether a civil action is removable on the basis of diversity jurisdiction.

13. Defendant is a citizen of Delaware and Virginia at all relevant times.

14. Therefore, Plaintiff and Defendant are completely diverse in citizenship.

## AMOUNT IN CONTROVERSY

15. A notice of removal "may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and . . . the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(A) and (B).

16. Defendant contests all damages, and reserves the right to defend claims that it is liable for Plaintiff's alleged injuries. However, as plead, Plaintiff's allegations seek damages in excess of the jurisdictional minimum.

17. Although the Complaint does not set forth the amount of damages sought, other than that it is "in excess of the arbitrational limits of [the Court of Common Pleas of Allegheny

County]," the allegations in the Complaint make clear that Plaintiff is seeking damages in excess of $75,000.00.

18. In particular, Plaintiff alleges that she was seriously injured by the allegedly defective headband, which required surgical removal and a three-day admission at Children's Hospital of Pittsburgh, and resulting in pain, suffering, inconvenience, medical treatment, medical expenses, and future medical treatment and expenses. Complaint ¶¶ 9–12, 18–20.

19. Plaintiff raises claims for negligence, breach of warranty, and strict liability. Complaint (Counts I, II, and III).

20. Plaintiff seeks compensation from Defendant for these alleged injuries in excess of $50,000.00. *See* Complaint, including wherefore clauses.

21. The amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley, Inc.,* 989 F.2d 142, 145 (3d Cir. 1993).

22. Given the allegations of severe pain and suffering, medical treatment, medical expenses, and the requirement for continuing care, the amount in controversy in this matter exceeds $75,000.00. *See, e.g., id.* at 145–46 (instructing that where Plaintiff alleged serious ailments resulting from the actions of defendants in excess of $50,000.00, the amount in controversy requirement was met); *see also Riley v. Avon Prods.,* No. 3:07-CV-0887, 2007 U.S. Dist. LEXIS 62666, at *3 (M.D. Pa. Aug. 24, 2007) (finding that allegations of "the extent and duration of Plaintiff's injuries and their effects [], the allegations of the continuing need for medical care, and the allegations of permanent impairment of future earning capacity evidence a claim which exceeds $75,000."); *see also Dempsey v. Fed. Express Corp.,* No. 01-CV-3229, 2001 U.S. Dist. LEXIS 17942, 2001 WL 1356505, *1 (E.D. Pa. Nov. 2, 2001) (alleging *inter alia* severe pain

and suffering, and past and future medical expenses in excess of $50,000.00 was sufficient to meet jurisdictional threshold).

23. Compulsory arbitration in Allegheny County has a $50,000.00 limit. Allegheny County Rules of Civil Procedure, Local Rule 1301.

24. Thus, while Plaintiff does not designate a specific amount of damages, the nature of the allegations and damages requested in the Complaint demonstrate that Plaintiff's claims as plead exceed the jurisdictional minimum.

## II.    ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

25. The United States District Court for the Western District of Pennsylvania is the proper venue for removal of this action because it is the district in which the state court action is pending. *See* 28 U.S.C. § 1446(a).

26. Pursuant to 28 U.S.C. § 1446(b), a defendant may remove an action within 30 days after receipt of a copy of the complaint through service or otherwise.

27. The essential facts necessary to determine removability became available on January 25, 2022, when Defendant was duly served with the Complaint. Exhibit B.

28. Thus, Defendant filed this Notice of Removal fewer than thirty days after a copy of the Complaint was received.

29. There are no additional defendants, served or unserved, whose consent is needed to effectuate removal.

30. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders from the state court action are being filed with this Notice of Removal as Exhibits A and B.

31. This Notice will be served on Plaintiff and filed with the Allegheny County Court of Common Pleas as required by 28 U.S.C. § 1446(d).

32. By filing this Notice of Removal, Defendant does not waive, and hereby reserves, any and all defenses, and contests all damages.

Dated: February 17, 2022			Respectfully submitted,

					SCHNADER HARRISON SEGAL & LEWIS LLP

				By:	/s/ Danielle Bruno McDermott
					James (Jay) Evans, Esquire
					PA I.D. No. 82149

					Danielle Bruno McDermott, Esquire
					PA I.D. No. 324539

					Fifth Avenue Place, Suite 2700
					120 Fifth Avenue
					Pittsburgh, PA 15222
					Telephone: (412) 577-5122
					Fax: (412) 765-3858
					E-mail: jevans@schnader.com
						dbrunomcdermott@schnader.com

					*Counsel for Defendant Greenbrier International, Inc., t/d/b/a Dollar Tree Merchandising*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2022, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served upon the following, Via Electronic Mail and Overnight Mail, postage prepaid:

Jon R. Perry, Esquire
Rosen & Perry, P.C.
The Frick Building, Suite 200
437 Grant Street
Pittsburgh, PA 15219
E-mail:  jperry@caringlawyers.com

/s/ Danielle Bruno McDermott
Danielle Bruno McDermott, Esquire
PA 324539

PHDATA 8068670_1